**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**SHPRESA DULI**

*Plaintiff*,

v.

**HILTON INTERNATIONAL OF PUERTO RICO LLC; HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC HILTON WORLDWIDE HOLDINGS INC.; CHUBB INSURANCE COMPANY OF PUERTO RICO; A AND B CORP; Y AND Z INSURANCE COMPANIES**

*Defendants*.

**CASE NO. 3:25-cv-1365**

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DAMAGES**

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff Ms. Shpresa Duli, represented by the undersigned attorneys and before this Honorable Court respectfully alleges and prays as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction in the present action pursuant to 28 U.S.C. §1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.
2. This Court has personal jurisdiction over Defendants because they currently conduct, or previously conducted, business in this District, and committed tortious acts within this District that are the subject of this suit.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Puerto Rico.

**THE PARTIES**

4. Plaintiff Shpresa Duli is of legal age, married, and domiciled in Fort Lee, New Jersey.
5. Defendant, Hilton International of Puerto Rico LLC, (hereinafter referred to as "Hilton PR") is a limited liability company registered in the State of Delaware. Upon information and belief, Hilton PR owns and operates a Puerto Rico hotel known as *The Caribe Hilton*, located at No. 1 San Geronimo Street, San Juan, Puerto Rico.
6. Defendant, Hilton Worldwide International Puerto Rico LLC, (hereinafter referred to as "Hilton International PR") is a limited liability company organized and existing under the laws of the Commonwealth of Puerto Rico. Upon information and belief, Hilton International PR owns and operates a Puerto Rico hotel known as *The Caribe Hilton*, located at No. 1 San Geronimo Street, San Juan, Puerto Rico.
7. Defendant, Hilton Worldwide Holdings Inc., (hereinafter referred to as "Hilton Worldwide") is a publicly traded for profit corporation registered in the State of Delaware. Upon information and belief, Hilton Worldwide owns and operates a Puerto Rico hotel known as *The Caribe Hilton*, located at No. 1 San Geronimo Street, San Juan, Puerto Rico.
8. Defendants Hilton PR, Hilton International PR, and Hilton Worldwide are hereinafter collectively referred to as the "Caribe Hilton Defendants".
9. CHUBB Insurance Company (hereinafter referred to as "CHUBB"), upon information and belief, is an insurance carrier duly authorized to underwrite insurance policies and transact the business of insurance in Puerto Rico, that had issued one or more insurance policies in favor of one or more of the named Caribe Hilton Defendants to cover events and damages

as described in this complaint, as per the coverage and limitations provided by the insurance policies in effect at the time of the accident described in this complaint.

10. A and B CORP is the fictitious name utilized to denominate other corporate entities that together with the rest of the defendants are also responsible for the accident described in this complaint and all damages caused to the Plaintiff to suffer. Once its identity is known, the complaint may be amended to substitute and properly name said unknown defendant with its correct name.

11. Y and Z INSURANCE are the fictitious names used to denominate one or more insurance companies that at the time of the occurrence of the event described in this complaint had issued and had in effect one or more insurance policies to cover the liability or excess liability of one or more of the Caribe Hilton Defendants in this action. Once their identities are known, the complaint may be amended to substitute the fictitious names with the proper names of said insurance company defendants.

**PLAINTIFF BACKGROUND**

12. Plaintiff Shpresa Duli, known professionally as "Elssa," is an experienced Paramedical Cosmetic Tattoo Artist and licensed aesthetician with over twenty years of experience in the high-end beauty industry.

13. She holds multiple licenses, including a Paramedical Cosmetic Tattoo License, Cosmetology License, and Aesthetician License, which together enable her to provide advanced permanent and semi-permanent makeup procedures with an expert understanding of skin health, anatomy, and healing.

14. Before founding her own practice, Ms. Duli built her reputation working with renowned retailers such as Neiman Marcus, Bergdorf Goodman, Harrods in London, Harvey Nichols,

and Saks Fifth Avenue, where she developed a loyal following for her attention to detail, steady hands, and commitment to helping clients look and feel their best.

15. Today, Ms. Duli's clientele includes not only those seeking cosmetic enhancement but also people with medical or traumatic conditions who depend on her skills to restore their confidence. These include, cancer survivors, burn victims, and children and adults with alopecia.

16. She frequently donates her time and services to charity cases and community events, including collaborating with hospitals such as Memorial Sloan Kettering Cancer Center in New York.

17. Her work demands exceptional focus, physical stamina, balance, and fine motor control, as it requires standing for hours at a time and performing delicate procedures with precision. Any injury that affects her balance, ability to stand, or nerve function directly threatens her livelihood and the trust her clients place in her.

18. Prior to the incident described below, Ms. Duli, her husband, and their 9-year-old daughter enjoyed an active lifestyle filled with travel, time with family, and a fulfilling career built on helping others feel whole again.

19. In July 2024, while enjoying what was intended to be a brief vacation with her family in San Juan, Ms. Duli stayed at the Caribe Hilton Hotel, a well-known hotel that owed its guests a safe and well-maintained environment.

## FACTUAL ALLEGATIONS

20. On July 13, 2024, Ms. Duli checked in as a paying hotel guest at the Caribe Hilton Hotel in San Juan, Puerto Rico, where she planned to stay through July 20, 2024, with her husband and their then 8-year-old daughter.

21. On the afternoon of July 14, 2024, at approximately 3:25 p.m., Ms. Duli was walking through the hotel lobby toward the elevators to return to her room, accompanied by her daughter.

22. As she proceeded through the lobby, Ms. Duli unknowingly stepped onto a wet and slippery area of the floor that had accumulated due to a leak from the ceiling or overhead fixtures.

23. This hazardous condition had been left unattended and unmarked, with no warning signs or barriers to alert guests.

24. The wet surface caused her foot to slip suddenly, throwing her off balance.

25. In an effort to keep herself from falling to the ground, Ms. Duli twisted her body and was forced to bear her full weight onto her toes, which bent sharply and painfully under her foot.

26. Although she managed to prevent a complete fall, the abrupt slip and twisting motion caused her to jolt forward, resulting in painful injuries to her back, left shoulder, right foot, and toes.

27. The sudden trauma caused severe pain, swelling, and immediate difficulty walking or putting weight on her foot.

28. After the incident, Ms. Duli was assisted by another hotel guest to a nearby seat in the lobby, where she remained in visible distress for more than twenty minutes while waiting for hotel staff to provide any meaningful help or even basic ice for her injuries.

29. Despite her obvious need for prompt assistance, she was left waiting without adequate support and became lightheaded and nearly lost consciousness from the pain.

30. After this extended wait, hotel staff finally offered to call an ambulance, but emergency services were unable to dispatch one to the hotel at that time.

31. Left with no other option, Ms. Duli arranged her own transportation and took an Uber to Ashford Presbyterian Community Hospital, where she was evaluated, treated for her injuries, and prescribed pain medication.

32. As a direct result of Defendants' negligence, Ms. Duli has suffered permanent and life-changing injuries that continue to cause her significant physical pain, loss of mobility, and substantial emotional and professional harm.

33. These injuries continue to interfere with Ms. Duli's ability to perform her physically demanding work, which requires steady hands, balance, and the stamina to stand for long periods while serving her clients.

34. Since the incident, her daily life has changed significantly. The pain and limitations caused by her injuries have reduced her mobility and make it difficult for her to perform the precise procedures that define her profession. Even standing or maintaining balance for more than short periods has become painful and exhausting.

35. Upon her return to New Jersey, Ms. Duli immediately sought medical care for severe pain in the toes of her right foot and her left shoulder.

36. Between September 2024 and March 2025, she was evaluated and treated by multiple specialists for her persistent pain, which affected her ability to work and participate in daily activities she once enjoyed.

37. During this time, she underwent multiple rounds of dextrose prolotherapy injections and cortisone injections to help manage her pain. These treatments were extremely painful and required repeated visits to medical providers. In addition to her foot, she has developed

inflammation and pain in her left shoulder and shoulder blades, for which she has also required ongoing therapy, including trigger point and cortisone injections. She had never experienced these issues or required this type of therapy before the incident.

38. In one instance, she fainted during an injection because of the intensity of the pain. In another, she was forced to reschedule an appointment because the pain she was already experiencing was too severe.

39. In April 2025, after months of ongoing pain and repeated attempts to treat her symptoms, Ms. Duli was diagnosed with peroneal neuropathy, a permanent nerve injury directly related to the slip incident. This condition causes constant pain and sensitivity in her toes, which remain the area of most severe discomfort.

40. The incident has also caused ongoing pain in her lower back and shoulder, for which she continues to receive treatment. She will likely require continued prolotherapy and other therapies to manage these symptoms over the long term.

41. This pain is persistent and disruptive. Even light contact with her toe, whether from bedsheets, socks, shoes, or accidental bumps, causes intense discomfort. She struggles to wear sneakers and fashionable shoes, and standing in heels for work or events is now challenging and painful. This constant pain makes restful sleep nearly impossible and drains her energy and focus for her demanding profession.

42. These limitations have deeply affected Ms. Duli's ability to serve her clients and maintain her professional reputation. Many of her clients, including burn survivors, cancer patients, and individuals with medical conditions such as alopecia, rely on her specialized skills and steady hands to help restore their appearance and confidence after life-changing health challenges.

43. Because of her injuries, Ms. Duli has incurred, and will continue to incur, significant medical expenses for ongoing treatment, therapy, and pain management that would not have been necessary but for Defendants' negligence. There is no surgical option to repair her permanent nerve damage, so she will likely require continued dextrose prolotherapy and other treatments to manage her pain for the foreseeable future.

44. In addition to her medical costs, Ms. Duli has suffered and will continue to suffer physical pain, emotional distress, loss of sleep, and a permanent loss of mobility that limits her ability to perform her specialized work at the same level as before the incident.

45. These harms have caused a significant loss of enjoyment of life and continue to affect her daily activities, family life, and professional opportunities. All of these damages are compensable under the Civil Code of Puerto Rico.

46. Ms. Duli's past and future medical expenses include, but are not limited to, specialist visits, emergency care, cortisone injections, dextrose prolotherapy, and related therapies. These expenses were not necessary before the incident and are recoverable from Defendants under Puerto Rico law.

## CAUSES OF ACTION

### COUNT I
### Negligence
### (As to Caribe Hilton Defendants)

47. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

48. Defendants are liable for their own acts, omissions, and negligence, and for the acts and omissions of their employees and agents, pursuant to Article 1536 of the Puerto Rico Civil Code of 2020, 31 L.P.R.A. § 10801.

49. As a business invitee, Ms. Duli was owed the highest duty of reasonable care to ensure that the hotel premises she was expected to use were safe.

50. The incident occurred as a direct result of the careless, negligent, and reckless conduct of Defendants, who breached their duty of care in multiple ways, including but not limited to:

    a. Failing to properly inspect and monitor the hotel lobby area to ensure it remained free of hazardous conditions such as accumulated water or other liquids that were known or should have been known to pose a risk of serious harm to guests.

    b. Failing to maintain the ceiling, fixtures, or other sources above the lobby walkway in a reasonably safe condition to prevent leaks or drips that could create wet and slippery floors.

    c. Failing to promptly clean, dry, or remove the puddle of water that accumulated on the lobby floor and posed an unreasonable risk of slipping to guests.

    d. Failing to place visible warning signs, barriers, or other protective measures around the wet area to alert guests to the dangerous condition.

    e. Failing to adequately train or supervise employees responsible for inspecting, cleaning, and maintaining common areas to ensure that known hazards like water leaks and wet floors were addressed promptly.

    f. Otherwise failing to exercise the degree of care required under the circumstances to provide a safe premises for hotel guests.

51. As a result of Caribe Hilton Defendants' multiple breaches of duty, Ms. Duli sustained significant and permanent injuries, including nerve damage resulting in peroneal neuropathy, persistent pain in her toes and foot, and injuries to her shoulder and back.

52. As a direct result of these injuries, Ms. Duli has suffered and will continue to suffer damages, including:

a. Painful and permanent physical injuries and limitations

b. Expenses for past, present, and future medical care, including specialist visits, cortisone injections, dextrose prolotherapy and ongoing pain management

c. Emotional pain and suffering, inconvenience, anxiety, and mental anguish

d. Disruption to her sleep, daily activities, and social life

e. Limitations affecting her ability to perform her specialized work at the same level as before the incident

f. Loss of enjoyment of life and ordinary pleasures

g. Other damages recoverable under Puerto Rico law

53. As a direct and proximate result of Caribe Hilton Defendants' breaches of duty, Ms. Duli sustained the injuries, losses, and damages described herein, without any negligence on her part contributing to them.

54. All named Defendants are jointly and severally liable for these damages under Puerto Rico law governing negligence and vicarious liability.

**COUNT II**
**DIRECT ACTION UNDER 26 L.P.R.A. § 2001**
**(As to CHUBB)**

55. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

56. Under the Direct Action Statute of Puerto Rico, 26 L.P.R.A. § 2001, Defendant CHUBB Insurance, as the liability insurer of Caribe Hilton at the time of the incident, is directly responsible to Plaintiff for all damages caused by the negligence described in this

Complaint, up to the applicable policy limits, including any excess coverage that may apply.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shpresa Duli respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, jointly and severally, and award the following relief:

1. Compensatory damages in an amount to be proven at trial, including all past, present, and future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, and other non-economic damages recoverable under Puerto Rico law;
2. Costs and expenses related to her medical care and ongoing treatment needs;
3. Pre-judgment and post-judgment interest as permitted by law;
4. Reasonable attorneys' fees and costs as allowed by applicable law; and
5. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully Submitted: July 10, 2025

*/s/ Luis V. Almeida-Olivieri*
Luis V. Almeida-Olivieri (PR Bar #308307)
Douglas H. Sanders (PR Bar #302813)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
1311 Ponce de Leon Ave. Suite 700
San Juan, PR, 00907
Tel: (516) 741-5600
Fax: (516) 741-0128
lalmeida@milberg.com
dsanders@milberg.com